UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAYRA DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS,<br><br>　　　　Defendant. | Case No.: 2:13-cv-2233-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Plaintiff Mayra Dominguez's Motion to Remand. (ECF No. 7.) Defendant Ralphs Grocery Company d/b/a Food 4 Less filed a response in opposition. (ECF No. 9.) For the reasons that follow, the Court will deny the instant motion.

**I.      BACKGROUND**

This action arises out of an incident in which Plaintiff allegedly slipped and fell on a piece of wet cardboard while shopping at a grocery store owned by Defendant. (Compl. 9:15-18, ECF No. 1.) Plaintiff claims to have sustained severe injuries as a result of this incident, for which she seeks to recover damages. (*Id.* at 10.) This case was originally filed in Clark County District Court on August 29, 2013. (*Id.*) On December 6, 2013, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441(b). (Pet. for Rem. 2:2-10, ECF No. 1.)

Plaintiff is a resident of Nevada. (Compl. 8:22-23, ECF No. 1.) Defendant is a foreign corporation that does business in Nevada. (*Id*. at 24-26.) Defendant is incorporated in Ohio, which is also its principal place of business. (Pet. for Rem. 2:16-18, ECF No. 1.) As of the removal date, Plaintiff claimed to have incurred medical bills in excess of $54,747.68. (*Id.* at 3:9-10.) Plaintiff now requests that this case be remanded back to Clark County District Court.

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

The principal issue here is whether diversity jurisdiction exists. This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). Because both elements are satisfied, the Court has subject matter jurisdiction, and Plaintiff's Motion to Remand will be denied.

Defendant has attached a demand letter from Plaintiff's counsel to its response, which explicitly acknowledges that the amount in controversy exceeds $75,000. (*See* ex. A, ECF No. 9). Indeed, this letter states, "Please be advised that due to the nature and extent of the injuries

incurred by our client, we evaluate this case at **$200,000.00** and we would request that you tender this amount immediately in order for our client to sign a full release of all claims." (*Id.*)

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *see Arellano v. Home Depot U.S.A., Inc.,* 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003) (relying upon a settlement demand letter found to reflect a reasonable estimate of plaintiff's damages to conclude that requisite amount was in controversy); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").

As Plaintiff's counsel has conceded that the amount in controversy exceeds the threshold provided under 28 U.S.C. Section 1332(a), and has not argued that the amount demanded is unreasonable, Defendant has satisfied its burden, and the Court does not doubt its authority to exercise diversity jurisdiction over this matter.

///

///

///

///

///

///

///

///

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is DENIED.

**DATED** this __20__ day of _____August_____, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge